**DISMISS and Opinion Filed October 17, 2023**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

**No. 05-23-00430-CV**

## IN THE ESTATE OF PAMELA E. BANKS, DECEASED

**On Appeal from the Collin County Probate Court 1**
**Collin County, Texas**
**Trial Court Cause No. PB1-0352-2022**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Pedersen, III
Opinion by Chief Justice Burns

Appellant Samuel C. Gardner appeals from what he calls the trial court's "de facto denial" of his motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 (permitting filing of motion to dismiss), § 27.008(a) (permitting appeal where trial court does not rule on motion within certain period of time). Appellee, the Gary Sinese Foundation, has filed a motion seeking dismissal of the appeal for want of jurisdiction and damages for frivolous appeal. For the reasons that follow, we grant the motion to the extent that we dismiss the appeal.

## Background

In 2022, Gardner filed an application for probate of will and issuance of letters testamentary. The Foundation filed an objection to Gardner's application. In response, Gardner filed, on July 15, 2022, a TCPA motion seeking dismissal of the Foundation's objection to his appointment. The motion was set for hearing on September 12, 2022. Gardner cancelled the meeting after the parties agreed to mediate. On March 15, 2023, the Foundation filed an application for appointment of a temporary administrator of the Estate pending the contest to the letters testamentary. Two days later, Gardner filed a combined contest to the Foundation's application and renewed TCPA motion to dismiss. The trial court conducted a hearing on the Foundation's application on March 21, 2023. The TCPA motion filed on July 15 was set for a hearing on May 3, 2023. At that hearing the Foundation objected to the TCPA hearing due to its untimeliness. On May 4, 2023, the trial court signed a "Declaration of Court Concerning Motion to Dismiss" stating as follows:

> This Cause having been scheduled for a hearing on a Motion to Dismiss under the Texas Citizens Participation Act, and the court having determined prior to conducting the hearing that the Court was without a statutory basis to grant relief on such Motion because the time permitted by the TCPA for a hearing has expired;

> It is the Declaration of the Court that the Court is without a Statutory Basis to Conduct a hearing on the Motion to Dismiss.

Gardner filed a notice of accelerated appeal the following day, citing section 27.008(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a) (providing that

–2–

when trial court does not rule on motion within thirty days of hearing, motion is deemed denied by operation of law and party may appeal).

**The Law**

A party may appeal from an interlocutory order denying a TCPA motion either by signed order or by operation of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.008(a); 51.014(a)(12). Statutes authorizing appeals from interlocutory orders are strictly construed. *See Spiritas v. Davidoff*, 459 S.W.3d 224, 234 (Tex. App.—Dallas 2015, no pet.). Where a trial court does not sign an order denying a TCPA motion and the motion is not denied by operation of law because there was no hearing, there is no order subject to an interlocutory appeal. *See Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *2 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.).

**Discussion**

In its motion to dismiss, the Foundation asserts this Court lacks jurisdiction because the trial court's refusal to conduct a hearing on Gardner's TCPA motion does not constitute a denial necessary to confer jurisdiction over an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (denial of TCPA subject to an interlocutory appeal). We agree. This is the same factual situation presented in *Braun*. Like Gardner, the appellant in *Braun* sought to appeal the "denial" of her TCPA motion that was never heard by the trial court. *See Braun*, 2017 WL 4250235, at *1. Because the TCPA motion was neither denied by

–3–

written order no by operation of law due to the lack of a hearing, we dismissed the appeal for want jurisdiction. *See id*. at *2; *see also Walker v. Pegasus Eventing, LLC*, No. 05-19-00252-CV, 2020 WL 3248476, at *5 (Tex. App. June 16, 2020, pet. denied) (mem. op.) (if the trial court does not hold a hearing at all, then we lack jurisdiction over an appeal related to the motion).

In his response to the motion to dismiss, Gardner asserts the trial court lacked subject matter jurisdiction over the Foundation and asks that we determine that issue. Gardner also asserts we have jurisdiction over this appeal because of his "renewed TCPA motion" filed as part of his response to the Foundation's application for an appointment of a temporary administrator. Neither argument, however, addresses the above-noted controlling authority from this Court.

## Conclusion

Because Gardner's TCPA motion has not been denied by signed order or by operation of law because the trial court did not conduct a hearing on the motion, we lack jurisdiction over this appeal. Accordingly, we grant the Foundation's motion and dismiss the appeal. We deny the Foundation's request for damages for frivolous appeal.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

230430F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF PAMELA E.
BANKS, DECEASED

No. 05-23-00430-CV

On Appeal from the Collin County
Probate Court 1, Collin County, Texas
Trial Court Cause No. PB1-0352-
2022.
Opinion delivered by Chief Justice
Burns. Justices Molberg and Pedersen,
III participating.

In accordance with this Court's opinion of this date, the appeal is
**DISMISSED**.

It is **ORDERED** that appellee The Gary Sinese Foundation recover its costs
of this appeal from appellant Samuel C. Gardner.

Judgment entered October 17, 2023